*Proposed Order Submitted by:*
Dale F. Gardiner (1147)
dgardiner@vancott.com
Scott M. Lilja (4231)
slilja@vancott.com
Chandler P. Thompson (11374)
cthompson@vancott.com
VANCOTT BAGLEY CORNWALL & MCCARTHY
36 South State Street, Suite 1900
Salt Lake City, Utah 84111-1478
Telephone: (801) 532-3333
Facsimile: (801) 534-0058

Attorneys for the Town Defendants and the Water
Company Defendants

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

APR 2 6 2011

BY D. MARK JONES, CLERK
_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WEST DANIELS LAND ASSOCIATION, INC., Debtor ("WDLA"); DEAN K. SELLERS, in his capacity as President of WDLA; DEAN K. SELLERS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>WASATCH COUNTY, a Utah body politic; **Brent R. Titcomb**, in his capacity as the Wasatch County Clerk; **Todd Bonner**, in his capacity as a Wasatch County Chief Deputy Sheriff; **Brian Gardner**, in his capacity as a Wasatch County Sheriff's Office detective; **Tom Low**, in his capacity as the Wasatch County Attorney; **Scott Sweat**, in his capacity as an Assistant Wasatch County Attorney; **Kevin S. Thurman**, in his capacity as Assistant Wasatch County Attorney; **Wayne Winterton**, in his capacity as a Wasatch County Sheriff's Office detective; **Town of Daniel, Utah**, a Utah body politic; **Michael Duggin**, in his capacity as the Mayor of the Town of Daniel; **Marilou Hall**, in her capacity as the former | ORDER GRANTING TOWN DEFENDANTS AND WATER COMPANY DEFENDANTS' COMBINED APPLICATION FOR ATTORNEYS' FEES<br><br>Case No. 2:10-cv-558<br><br>Judge Dee Benson |

| | |
|---|---|
| Recorder for the Town of Daniel; **Dan Harvath**, individually and in his capacity as a former Town of Daniel Council Member; **Daniel Domestic Water Company** ("**DDWC**"), a Utah non-profit corporation; **Lynn Terry Crisler**, in his capacity as the President of DDWC; and **John/Jane Does 1-10**, <br><br>**Defendants.** | |

The Court, having fully considered the Combined Application for Attorney Fees (Docket Entry Nos. 61 and 62) submitted by the Town of Daniel, Michael Duggin, Marilou Hall, and Dan Harvath (hereinafter "Town Defendants") and Daniel Domestic Water Company and its former president, Lynn Terry Crisler (hereinafter "Water Company Defendants"), without opposition by Plaintiffs Dean K. Sellers and West Daniels Land Association ("WDLA") (collectively "Plaintiffs"), and for good cause appearing, the Court finds that the motion is well taken and is hereby GRANTED.

This Order is based on the following findings and conclusions, as well as the reasons set forth in the Town Defendants' and Water Company Defendants' Memorandum in Support of their Application for Attorney Fees (Docket Entry No. 62), as well as their Corrected Affidavit of Attorneys' Fees (Docket Entry No. 64):

Plaintiffs filed a federal civil rights complaint against the Town Defendants and the Water Company Defendants. Plaintiffs' third cause of action in their complaint asserted a claim against the Water Company Defendants for violation of 42 U.S.C. § 1985(3). Plaintiffs' fourth cause of action, asserted against both the Water Company Defendants and the Town Defendants, alleged that they had aided and abetted a civil rights violation.

The Town Defendants and Water Company Defendants filed motions to dismiss on the grounds that Plaintiffs failed to plead racial or class based animus or conspiracy, as is necessary

to state a claim against the Water Company Defendants under 42 U.S.C. § 1985(3) claim, and on the grounds that there is no civil rights aiding and abetting liability under that statute or otherwise. Furthermore, the Town Defendants and Water Company Defendants argued that civil rights aiding and abetting liability could not exist absent a well-pled conspiracy. Plaintiffs never contested the grounds for the Town Defendants' or Water Company Defendants' motions to dismiss and never explained why their claims should not be dismissed with prejudice. Instead, Plaintiffs moved to dismiss their own complaint without prejudice.

I. **Plaintiffs' Claims against the Town Defendants and Water Company Defendants Were Frivolous, Entirely Without Merit, and Vexatious.**

   **A. Plaintiffs' § 1985 Conspiracy Claim Was Without Basis in Law or Fact.**

It is well established that one cannot maintain a civil rights claim under § 1985(3) absent allegations of racial or class-based animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L. Ed. 2d 338 (1971). This requirement is so firmly established in the case law that Plaintiffs conceded that their § 1985 claim against the Water Company Defendants should be dismissed with prejudice. Plaintiffs alleged this conspiracy claim against the Water Company Defendants without any basis in fact or law to support such a claim, forcing the Water Company Defendants to incur substantial attorneys' fees to defend themselves against this entirely frivolous and meritless claim.

   **B. Plaintiffs' Claim for Civil Aiding and Abetting Liability Were Without Basis in Law or Fact.**

The U.S. Supreme Court has held, in the context of a securities claim under section 10(b)(5), that there is no civil aiding and abetting liability absent congressional authorization by statute. *Central Bank of Denver N.A. v. First Interstate Bank of Denver N.A.*, 511 U.S. 164, 177,

114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994). Relying on *Central Bank*, the federal district court in *Theriot v. Woods* held: "There is no civil aiding and abetting liability under 42 U.S.C. § 1983. The plain text of 42 U.S.C. § 1983 does not provide for aiding and abetting liability. Congress knows how to impose aiding abetting liability when it chooses to do so." *Theriot v. Woods*, 2010 U.S. Dist. LEXIS 14253 (W.D. Mich. 2010) (citing *Central Bank*).

The parties have not found or cited a single case in any jurisdiction imposing civil aiding and abetting liability for a civil rights claim. Plaintiffs have not presented any argument why such liability should be imposed. Given the U.S. Supreme Court precedent, they could not.

Regardless, because Plaintiff's §1985 claim had no factual or legal basis, as set forth above, the aiding and abetting claim was facially without merit. Absent a conspiracy under § 1985, there can be no liability for aiding and abetting such a conspiracy. Plaintiffs' claim for aiding and abetting liability under § 1985 was likewise without merit and frivolous.

Similarly, there is not civil aiding and abetting liability for state law claims. After scouring the books for precedent, the U.S. Court of Appeals for the D.C. Circuit was forced to conclude that civil liability for aiding and abetting "is largely confined to isolated acts of adolescents in rural society." *Halberstram v. Welch*, 705 F.2d 472, 489 (D.C. Cir. 1983). No parties to this case have found or cited any Utah appellate decision recognizing civil aiding and abetting liability absent a statute expressly providing for such liability.

Plaintiffs' attempt to impose civil aiding and abetting liability upon the Town Defendants and the Water Company Defendants was unreasonable, groundless, and frivolous. Even after the Town Defendants and the Water Company Defendants filed their motions to dismiss—demonstrating to Plaintiffs that their claims lacked merit—Plaintiffs refused to dismiss their

claims with prejudice. The Town and the Water Company Defendants have been forced to incur substantial attorneys' fees to get this meritless and frivolous claims dismissed with prejudice.

### C. Plaintiffs' Claims Against the Town Officials Were Without Basis in Law or Fact.

As a matter of law, one cannot sue both a municipality and its elected officials in their official capacity. A claim against a municipal official for acting in their official capacity is not a suit against the individual at all. Rather, it is a suit against the individual's office, the governmental entity. Stated another way, a civil rights suit against a municipal official is a suit against the municipality itself. *Watson v. Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988). Because Plaintiffs sued the Town itself, their claims against the Town officials in their official capacities were redundant, without merit, and frivolous as a matter of law.

### D. Plaintiffs' Claims against Mr. Harvath and Mr. Crissler in Their Individual Capacities Were Without Basis in Law or Fact.

One also cannot sue a town council member in his individual capacity for acts taken as part of the legislative process. Legislative immunity bars all such claims. *Bogan v. Scott-Harris*, 523 U.S. 44, 49, 118 S. Ct. 966, 140 L. Ed. 2d 79 (1998). Nevertheless, Plaintiffs sued Mr. Harvath, a former Town council member, in both his official and individual capacity. The only allegations made by Plaintiffs against Mr. Harvath were that he filed an annexation petition with the Town and then provided a copy to the County. These allegations do not constitute a valid cause of action under any legal theory. The annexation process is a legislative process, for which Mr. Harvath has legislative immunity. *See* Utah Code Ann. § 10-2-403 (2007). Plaintiffs' claims against him in his individual capacity were frivolous and without legal or factual basis.

Finally, a corporate officer is not liable for offenses allegedly committed by a corporation. Plaintiffs, however, sued Mr. Crisler as president of Daniel Domestic Water Company ("DDWC") solely based on allegations of misconduct by the DDWC alone. "A director [or officer] is not personally liable for his corporation's contractual breaches unless he assumed personal liability, acted in bad faith or committed a tort in connection with the performance of the contract." *Reedeker v. Salisbury*, 952 P.2d 577, 582 (Utah Ct. App. 1998). Plaintiffs' complaint was devoid of any factual allegation sufficient to impose liability on Mr. Crisler as president of DDWC. Even if Plaintiffs had alleged valid claims against DDWC, which they did not, they failed to allege any basis upon which Mr. Chrisler could have been held liable for those actions.

### E. Plaintiffs' Prosecution of this Case Against the Town Defendants and Water Company Defendants Was Also Vexatious.

As discussed in the Memorandum Supporting the County Defendants' Motion for an Award of Legal Expenses Including Attorneys' Fees (Docket Entry No. 60, at 3-5), this lawsuit was prosecuted in a manner to maximize the cost to defendants and to delay the inevitable dismissal of these claims. It was also part of an overall strategy to obtain the recusal of Judge Pullan, and the entire Fourth District Court, and to delay the inevitable entry of summary judgment on the remaining issues in the state court case. Indeed, despite the consistent rulings of every court rejecting their baseless claims, Plaintiffs have continued with their campaign forcing these defendants to defend themselves at great expense. Those costs should be borne by Plaintiffs.

### F. The Court Grants The Town Defendants and Water Company Defendants' Motion to Dismiss with Prejudice, and Denies Plaintiffs' Motion to Dismiss without Prejudice.

On March 10, 2011, for the reasons stated above, the Court entered an order dismissing all of Plaintiffs' claims against the Town Defendants and Water Company Defendants with prejudice, and denied Plaintiffs' motion to dismiss without prejudice. (Docket Entry No. 56). In that same Order, the Court authorized the Town and Water Company Defendants to make an application for attorneys' fees pursuant to 42 U.S.C. § 1988.

## II. The Town Defendants and Water Company Defendants Are Entitled to An Award of Attorney Fees under 42 U.S.C. § 1988.

The Town Defendants and Water Company Defendants timely moved for an award of attorney fees pursuant to 42 U.S.C. § 1988, which provides as follows:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

42 U.S.C. § 1988(b). The Town Defendants and Water Company Defendants are indisputably the prevailing party in this matter. The Court dismissed all claims asserted by Plaintiffs against the Town Defendants and Water Company Defendants with prejudice.

The U.S. Supreme Court has held that an award of fees to a prevailing defendant is proper where the claims asserted were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). A frivolous suit is one "based on an indisputably meritless legal theory, . . . [or] whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A prevailing defendant may also recover attorney's fees in litigation found to be vexatious. *Hensley v. Eckerhart*, 461 U.S. 424,

429 N.2 (1983) ("A prevailing defendant may recover an attorney's fee . . . where the suit was vexatious, frivolous or brought to harass or embarrass the defendant.")

Because Plaintiffs' claims against the Town Defendants and Water Company Defendants were frivolous, entirely without merit, and vexatious, as set forth above, the Court rules that the Town Defendants and Water Company Defendants are entitled to an award of their reasonable attorneys' fees incurred in successfully defending themselves in this action.

### A. The Town Defendants and Water Company Defendants are Entitled to An Award of $63,404.50.

As shown by the Corrected Affidavit of Attorneys' Fees, submitted by Dale F. Gardiner, lead counsel for the Town Defendants and Water Company Defendants, and Exhibit A thereto, the proper award of attorneys' fees in favor of the Town Defendants and Water Company Defendants is $63,404.50. (Docket Entry No. 64). Plaintiffs filed no opposition or objection thereto. The Corrected Affidavit of Attorneys' Fees, and billing records attached thereto, sufficiently establishes the reasonableness of the hourly rates for the attorneys involved in this matter and the time spent defending this litigation.

### B. The Attorney Fee Award Is Joint and Several Against all Plaintiffs.

An award of joint and several liability for attorneys' fees against all Plaintiffs is appropriate in a case under the Civil Rights Act against jointly responsible parties. *See Robinson v. City of Harvey*, 617 F.3d 915, 917 (7th Cir. 2010); *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d, 624, 641 (6th Cir. 2009). In this case the claims asserted by Mr. Sellers and WDLA against the Town Defendants and Water Company Defendants were asserted jointly. As such, joint and several liability for an award of attorneys' fees to the Defendants upon the dismissal of those claims with prejudice is appropriate.

NOW THEREFORE, and for the foregoing reasons and those set forth in the Town Defendants' and Water Company Defendants' Application for Attorney Fees, Memorandum in Support, and Corrected Affidavit of Attorneys' Fees, it is hereby ORDERED that Plaintiffs, joint and severally, shall pay to the Town Defendants and Water Company Defendants the amount of $63,404.50, plus post-judgment interest accruing at the established rate.

DATED this 26 day of April, 2011.

BY THE COURT:

_____
Judge Dee Benson
U.S. District Court for the District of Utah